PeaesoN, J.
 

 It is an interesting question, whether a surety who pays a debt (not due by specialty) after the action of the creditor is barred by the Act of 1115, can maintain an action against a co-surety for contribution ? On the one hand, the cause of action, on the part of the surety, does not accrue until he pays the debt, and he may'say, the statute did not begin to run as against him, until his cause of action accrued : On the other, the co-surety may say, the cause of action of the creditor having accrued when the debt fell due, which is more than three years before yon commenced your action, the creditor was barred by the statute, and you were under no obligation, and of course had no right to pay the debt and thereby subject me to the payment of one half: your payment was not made at my instance and request, so you cannot charge me as for money paid to my use. The facts in the case do not present this question, and we .are not at liberty to give our opinion in regard to it.
 

 This case turns upon the construction of the Act of 1789. Executors and administrators are required to make advertise
 
 *256
 
 ment for' creditors to present their claims within two years ; and at the expiration of two years, executors and administrators are required to pay over the surplus, after deducting the necessary charges, and the amount of debts paid within two 3rears after administration granted, to the legatees or next of bin, taking a refunding bond, payable to the State, for “ the use and advantage” of the creditors of the deceased, to bo proceeded on by
 
 sci.fa.
 
 &c. And it is further provided, that if a creditor shall fail, within two years after administration granted, to bring an action against the executor or administrator, who has made advertisement as required, the action of such creditor shall be barred. If the action of the original creditor was barred, we are inclined to the opinion, that a surety, who afterwards pays the debt, can stand in no better situation ; so the question is, was the action of the original creditor barred ?
 

 The administrator had made advertisement as required by law, but lie had neglected to take the refunding bonds as required by law ; could he, if sued by the original creditor, hav,e barred the action, on the ground that it was not commenced within two years after administration granted, without an averment
 
 that he had taken refunding bonds ?
 
 We think this averment necessary in order to bar the action.
 

 Eor the ease of executors and administrators and for the convenience of legatees and distributees, the former are required to pay legacies and distributive shares, at the end of two years, taking refunding bonds “for the use and advantage of the creditors” wh<j>may not have been paid. And executors and administrators, provided they have made advertisement, may bar the action, of all creditors who have neglected to sue within two years.
 

 These several enactments, according to well established rules of construction, are all to be taken together, and the amount of it is, that an executor or administrator, may, after two years, bar the action against himself, provided he has made advertisement, and has taken a refunding bond “for the use and advantage of the creditors,” so that he may say, here is a
 
 *257
 
 bond payable to th.e State, upon which you may recover your debt. I was required by law to take it for your “ use and advantage,” and thereby relieved myself from all further liability.
 

 . Eor the sake of illustration, take the case of a debt due by specialty : there is no general statute of limitations; the executor or administrator cannot protect himself, except by the presumption of payment, or by the act of 1784, (called the seven, years bar:) the creditor sues after the two years; it is admitted that lie cannot maintain his action against the executor or administrator, provided advertisement lias .been made and refunding bonds have been taken as required by law; but most assuredly, the
 
 specialty creditor
 
 does not forfeit his debt by neglecting to sue within two years after administration granted; and thp meaning of the act of 1789, is simply to enable the executor or administrator to “ward off” the action against himself, provided he has taken the proper step to provide the creditor with an action upon the refunding bond.
 

 We fully concur with his Honor, who decided the case below, as to the construction of the Act of 1789.
 

 Per CuRiAM. Judgment affirmed.